IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN LYTLE, JASON WILLIAMS, CHERYL LOVEALL AND JUST BREATH, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN HALL, CHANGING TIDES GROUP LTD., PAUL WOOTTEN, DE-SADEL SA LTD., *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-619<br><br>Judge Dee Benson |

Before the Court is Defendant's Motion for Reconsideration of Order Denying Motion to Dismiss. (Dkt. 67.) Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

This Court may grant a motion to reconsider where the movant has established: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Brunmark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider should be granted only where the court "misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991) (other citations omitted)). A motion to reconsider is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In his Motion for Reconsideration, Defendant has not presented the court with any change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.[1] Accordingly, Defendant's Motion is hereby DENIED.

DATED this 20th day of October, 2020.

BY THE COURT:

Dee Benson
United States District Judge

---

[1] Defendant also appears to misunderstand the standard for a motion to dismiss. In considering a motion to dismiss, all well-pleaded factual allegations are *accepted as true* and viewed in the light most favorable to the non-movant. *GFF Corp. v. Associated Wholesale Grocers*, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (emphasis added). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Here, in its Order Denying Defendant's Motion to Dismiss, this Court came to its conclusion after accepting Plaintiff's well-pleaded factual allegations as true. At that stage, this Court's function was not to weigh potential evidence that the parties might present at trial.