UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHN LYTLE, JASON WILLIAMS, CHERYL LOVEALL, and JUST BREATHE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN HALL, CHANGING TIDES GROUP, PAUL STRACY WOOTTEN, and DE-SADEL SA LTD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN REGARDS TO THE APPOINTMENT OF LEGAL COUNSEL (DOC. NO. 74)**<br><br>Case No. 2:19-cv-00619-TC-DAO<br><br>Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Defendant Martin Hall's Motion in Regards to the Appointment of Legal Counsel ("Mot.," Doc. No. 74). Mr. Hall seeks appointment of a pro bono attorney to represent him and his company, Defendant Changing Tides Group LTD (CTG), in this case. Mr. Hall argues a pro bono appointment is necessary due to his legal inexperience; his lack of knowledge regarding court procedures, rules, and case law; his inability to travel from his residence in South Africa to appear in court in person because of the COVID-19 pandemic; and his inability to pay for counsel due to financial difficulties caused by the COVID-19 pandemic. (Mot. 3–4, Doc. No. 74.)

While defendants in criminal actions have a constitutional right to representation by an attorney, (U.S. Const. amend. VI; Fed. R. Crim. P. 44), "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915, which allows a court to "request an attorney to represent any

1

person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant bears the burden of convincing the court his claim merits the court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

As an initial matter, an artificial entity is not a "person" for purposes of 28 U.S.C. § 1915. *Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993). Therefore, CTG is not entitled to appointment of counsel under this statute.

Further, even assuming Mr. Hall is unable to afford counsel,[1] appointment of counsel is not warranted at this time based on consideration of the other factors set forth above. As to the merits of the case, Mr. Hall's multiple attempts to dismiss the case have thus far been denied. (*See* Doc. Nos. 44 and 65.) Because Mr. Hall has not yet filed an answer, it is not clear whether he has any meritorious defenses to Plaintiffs' claims. Moreover, the factual and legal issues raised in this case do not appear to be unduly complex. Additionally, Mr. Hall has demonstrated an ability to present his own defenses by filing multiple motions to dismiss and other procedural motions in this case. Finally, Mr. Hall's inability to appear in person is no obstacle to his defense at this time because, due to the COVID-19 pandemic, all civil hearings in the District of

---

[1] Mr. Hall has not submitted sufficient information regarding his income and finances to support a finding that he is unable to afford counsel in this case.

Utah are being conducted remotely absent exceptional circumstances.  *See* General Order 20-030 ¶ 11 (Oct. 29, 2020), *available at*

https://www.utd.uscourts.gov/sites/utd/files/General%20Order%2020-030.pdf.

For these reasons, the court DENIES Mr. Hall's motion to appoint counsel.

DATED this 6th day of January, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge