IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN LYTLE, JASON WILLIAMS, CHERYL LOVEALL, and JUST BREATHE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MARTIN HALL, CHANGING TIDES GROUP, LTD., PAUL WOOTTEN, and DE-SADEL SA, LTD,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:19-cv-619-TC-DAO |

Pro se defendant Martin Hall has filed a Renewed Motion to Dismiss, in which he raises various defenses to Plaintiffs' claims. For the reasons set forth below, the motion is denied.

### **FACTS**[1]

In their September 2019 complaint, Plaintiffs allege they entered into investment agreements (the "Joint Venture Agreements") with Defendant Changing Tides Group (CTG), which Mr. Hall signed as President for CTG.[2] As part of the Joint Venture Agreements,

---

[1] For purposes of this order, Federal Rule of Civil Procedure 12(b)(6) requires the court to accept all well-pleaded factual allegations in the complaint as true and construe them in a light most favorable to the Plaintiffs. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

[2] The court, after a proper showing by Plaintiffs, issued default certificates against Mr. Hall's co-defendants, including Changing Tides Group. Assuming Plaintiffs will ultimately move for default judgment against those three Defendants, only Mr. Hall remains.

1

Plaintiffs John Lytle (in March 2018) and Jason Williams (in April 2018) each agreed to wire $250,000 to the Defendants in exchange for significant returns on their investments. (Based on a promised 25% return, Mr. Lytle and Mr. Williams seek damages in excess of $10 million.) Defendant Cheryl Loveall was to receive a commission tied to the investment returns.

Plaintiffs received little, if any, of the investment returns they were promised. Mr. Lytle says he asked "that his account to be closed in November 2018 and that his funds be returned to him, but the Defendants have refused to comply and repeatedly strung the Plaintiff along under the pretext that they would return his money with the promised increase totaling $1,000,000.00 at the end of January 2019." (Compl. ¶ 7, ECF No. 2.) Mr. Williams made a similar request that his account be closed, although he later "reluctantly accepted" an option that Mr. Hall offered instead of a return of his money. (Id. ¶ 58.) Still, even though Mr. Hall "guaranteed payment of $700,000," Mr. Williams never saw those funds. (Id.) And Ms. Loveall only received a small portion of what she was owed.

Plaintiffs characterize Defendants' actions as a "scheme to defraud." (Id. ¶ 43.) They allege that "Defendants collectively and individually have failed and refused to pay Plaintiffs Lytle and Williams the return on their $250,000 investment as promised and guaranteed … [and] have failed and refused to pay Plaintiff Loveall the commissions promised and guaranteed by the Joint Venture Agreements." (Id. ¶¶ 65-66.) Facing a significant loss, they now assert a breach of contract claim, various tort-law claims (for example, conversion, fraud in the inducement, and breach of fiduciary duty), and a federal civil RICO (racketeering) claim.

## PROCEDURAL BACKGROUND

In September 2020, Mr. Hall filed a motion to dismiss, which the court denied. The court rejected Mr. Hall's argument that "there were 'NO formal, signed Contracts between the

Defendant and Plaintiffs' that covered the requested relief, specifically because the relevant 'Contracts had expired in July of 2018[.]'" (Oct. 8, 2020 Order Denying Mot. to Dismiss at 3, ECF No. 65 (quoting Hall's Mot. to Dismiss Pls.' Compl. at 4, ECF No. 62).) As noted in the order, Plaintiffs argued that the complaint properly states a claim because "Defendants, including Mr. Hall, resolicited Plaintiffs, which extended the contract beyond the original date of expiration." (Id. (citing Pls.' Mem. in Opp'n to Hall Second Mot. to Dismiss at 17-20, ECF No. 58).) In its ruling, the court simply concluded that "Plaintiffs' facts, taken as true, are sufficient to defeat Defendant's arguments … that Plaintiffs failed to state a claim upon which relief can be granted." (Id.) Mr. Hall asked the court to reconsider its order, but the court denied that request as well. (See Oct. 20, 2020 Mem. Decision & Order, ECF No. 69.)

Then Mr. Hall requested an extension of time to answer Plaintiffs' complaint. The magistrate judge granted his request, ordering an answer no later than November 17, 2020. That order emphasized that "no further extensions of this deadline will be granted." (Order Granting Mot. for Extension of Time to File an Answer to Plaintiffs' Compl., ECF No. 71.)

Rather than filing an answer on November 17th, Mr. Hall filed his "Renewed Motion to Dismiss" (the one now at issue). Plaintiffs oppose Mr. Hall's current motion, contending that not only should his motion be denied for failure to follow procedural rules and to meet the November 17, 2020 filing deadline, but the court should enter default judgment against Mr. Hall. (See Pls.' Mem. in Opp'n to Def. Hall's Renewed Mot. to Dismiss, ECF No. 80.) They emphasize that Mr. Hall has filed several motions to dismiss[3] and they complain about Mr. Hall's "pattern (on his own behalf and for [Defendant] CTG) of dissembling and delaying[.]" (Id.

---

[3] His first motion was denied without prejudice for failing to following the court's formatting rules. The others were his motion to dismiss arguing that contracts had expired and his subsequent motion to reconsider, both of which are discussed above.

3

at 3.) They also embed in their opposition a motion for dismissal as a sanction under Federal Rule of Civil Procedure 37. (Id.) They did not address the substance of Mr. Hall's motion.

In April, the court ordered the parties to submit supplemental briefs addressing the question of "whether the parties—both Plaintiffs and Mr. Hall—may rely on the Joint Venture agreements for, respectively, the breach of contract claim and defenses to the claims." The court raised the question because the Joint Venture Agreements at issue list Mr. Hall's company, Changing Tides Group Ltd. (CTG), as the "First Party" to each agreement. The "Second Party" in the first Joint Venture Agreement is Plaintiff John Lytle and in the second agreement, Plaintiff Jason Williams is the "Second Part." The court raised a concern that "[n]owhere in the agreements is Mr. Hall listed as a party. Although he signed both documents, the language says he signed for and on behalf of CTG." (Order for Supplemental Briefs, ECF No. 103.) Plaintiffs' response brief (ECF No. 104) clarified the issue and pointed out that allegations assert Mr. Hall personally took on obligations in his and his company's dealings with Plaintiffs. Although Mr. Hall filed a supplemental brief as well (ECF No. 107), the court found it unpersuasive.

Having reviewed the complaint, Mr. Hall's motion, the supplemental briefs, and the contract language on which he relies, the court finds Mr. Hall has not established that Plaintiffs' complaint fails to state a claim upon which relief can be granted.

## ANALYSIS

### Standard of Review

Federal Rule of Civil Procedure 8 requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the plaintiff fails to satisfy this "notice pleading" requirement, he may be subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

relief can be granted. To avoid dismissal, a plaintiff must state a facially-plausible claim containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

When reviewing Defendant's Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe them in a light most favorable to the Plaintiffs. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Because Mr. Hall is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court must not assume the role of advocate on behalf of a pro se litigant. Id.

**Joint Venture Agreements**

Mr. Hall asks the court to dismiss the entire complaint based on language in the Joint Venture Agreements.

1. **Paragraph 4.22 of the Joint Venture Agreements**

Mr. Hall first cites to ¶ 4.22 of each Joint Venture Agreement to support his position that Plaintiffs are barred from bringing this suit:

> 4.22 The Parties agree to take responsibility for their own actions in relation to this Project and will therefore at all times hold each other innocent, harmless and not liable in any manner whatsoever if a Civil- and/or Criminal Law Suit is brought against either Party that directly or indirectly relates to the Project.

(Joint Venture Agreements ¶ 4.22, Exs. A & B to Mot. to Dismiss, ECF Nos. 75-1, 75-2.) He argues that

> Plaintiffs, before filing this Lawsuit, were complete separate entities, having nothing to do with one another and the one's Contract with Defendant having absolutely nothing to do with the other one's Contract with Defendant. The Plaintiffs therefore cannot file their Complaint as a Collective and must file / pursue separate Lawsuits against Defendant - wherefore Plaintiffs' current

>Complaint before the District Court of Utah (as per Civil No. 2:19-cv-00619-DB) is Contractually prohibited and **therefore legally INVALID**.

(Renewed Mot. Dismiss at 4–5 (underline emphasis added; caps and bold emphasis in original).)

The language does not support Mr. Hall's conclusion that four separate suits, rather than the one now before the court, are required.

### 2. Paragraph 18.2 of the Joint Venture Agreements

He also asserts that he is immune from liability based on Paragraph 8.2 of the agreements. That provision contains the following language:

> 18.2 The Parties acknowledge the philanthropic and humanitarian manner in which the First Party is willing to provide project funding / investment to the Project. The Parties also recognize the volatility and unpredictability of the World Economy, Banking Sectors and Financial Systems, and which may at any time negatively impact the ability of the First Party to provide funding for or to continue to provide for the intended Project in accordance with this Agreement. The Parties therefore agree that if at any time and for whatever reason, the First Party finds himself unable to commence with or to continue with his Funding commitments in terms of this Agreement of which includes any Return of Investment and/or Commissions payable to the other Party(s) - then the First Party reserves <u>the absolute Right to cancel and to withdraw from this project without penalty or any liability</u> - and that all other Parties to this Contract and Project (including Consultants and/or Brokers that are entitled to Commission in terms of this Agreement) <u>agree to in such a scenario hold the First Party innocent, harmless and not liable (albeit financially or other) in any manner whatsoever</u>.

(Joint Venture Agreements ¶ 18.2 (emphasis added).)

According to Mr. Hall,

> [t]he Legal implications of this above Contractual provision specifically implies that the Defendant has ABSOLUTE INDEMNITY against any / all liability – and furthermore that the Plaintiffs can NEVER, under NO CIRCUMSTANCES and for NO REASON WHATSOEVER penalize or bring a Lawsuit against the Defendant.

(Renewed Mot. to Dismiss at 5 (caps emphasis in original).) Taking Plaintiffs' allegations in a light most favorable to them, Plaintiffs do not allege that he cancelled or withdrew from the

6

project. Instead, they allege that he strung them along through deception. (E.g., Compl. ¶ 7.) Accordingly, the language in ¶ 18.2 is not a basis for dismissal of the action.

### 3. Paragraph 18.4 of the Joint Venture Agreements

Finally, he relies on Paragraph 18.4 of the Agreements, what he calls a "Best Efforts" portion of the Agreements: "18.4 The commitment that the Parties give to each other in terms of this Agreement is therefore on the basis of 'Best Effort' only."

Mr. Hall maintains that this "self-evident and unambiguous" language of the Agreements illustrates that "the Parties fully understood the philanthropic / humanitarian nature of the Project" and "promised each other nothing other than their 'Best Efforts only'." (Renewed Mot. To Dismiss at 6.) This, he asserts, shows that the parties "fully understood, acknowledged and fore-saw the possibility that something could go wrong, but nevertheless assum[ed] such Risk(s) upon themselves." (Id.) But Plaintiffs do not assert Mr. Hall did not use his best efforts. The underlying basis for their complaint is fraud. (See e.g., Compl. ¶¶ 6, 43, 55, 57, 115, 117, 120, 123.) As such, the language does not support dismissal of the case.

### 4. Fraud in the Inducement

The court notes that Plaintiffs allege fraud in the inducement (Fourth Cause of Action). If this alternative basis for recovery is proven, the Joint Venture Agreements would be voidable. "Fraud in the inducement consists of inducing one by some fraudulent representation or pretense to execute the very contract intended to be executed. An agreement based on such an inducement is voidable." Colo. Plasterers' Pension Fund v. Plasterers' Unlimited, Inc., 655 F. Supp. 1184, 1186 (D. Colo. 1987). See also Miller v. Celebration Mining Co., 29 P.3d 1231, 1235 (Utah 2001) (an agreement induced by fraud is voidable); Sugarhouse Fin. Co. v. Anderson, 610 P.2d

7

1369, 1373 (Utah 1980) (same).

If Plaintiffs were to succeed on this claim, the language upon which Mr. Hall relies could be deemed null and void. Given a plaintiff's right to plead claims in the alternative, the court will not dismiss the entire action based on contract language that may not be binding.

## ORDER

For the foregoing reasons, Defendant Martin Hall's Renewed Motion to Dismiss (ECF No. 75) is DENIED. Mr. Hall is hereby **ORDERED to file an answer to the Complaint no later Friday, May 21, 2021, at 5:00 p.m. (Utah time).** No extensions of time to file the answer will be granted, and the court will not accept any more motions to dismiss.

DATED this 7th day of May, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge