UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHN LYTLE; JASON WILLIAMS; CHERYL LOVEALL; and JUST BREATHE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN HALL; CHANGING TIDES GROUP, LTD.; PAUL WOOTTEN; and DE-SADEL SA, LTD.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (DOC. NO. 141)**<br><br>Case No. 2:19-cv-00619<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

On July 12, 2022, the court granted Plaintiffs' second motion for default judgment against Defendants Changing Tides Group, Ltd. ("CTG"), Paul Wootten, and De-Sadel SA, Ltd. ("De-Sadel"). (Order, Doc. No. 140.) The court found "[a]ll Plaintiffs are entitled to costs and reasonable attorney's fees under RICO, 18 U.S.C. § 1964(c)." (*Id.* at 8.) The court directed Plaintiffs to file a motion setting forth the amount of their attorney fees and costs, along with supporting documentation. (*Id.* at 9.) Plaintiffs filed such a motion on July 16, 2022, seeking $27,133.75 in attorney fees and $3,750.00 in costs. (Mot., Doc. No. 141.)

Plaintiffs' motion is granted. As explained in further detail below, Plaintiffs' motion and the supporting declaration indicate the requested amounts reflect the total fees and costs incurred in litigating this case. However, the supporting invoices show Plaintiffs actually incurred $47,412.50 in attorney fees. Additionally, the court finds the fee award must be reduced by the amount of attorney fees incurred solely in connection with litigation against another defendant, Martin Hall, who settled with Plaintiffs. After subtracting fees related solely to Mr. Hall from

1

the total fees documented in the invoices, the remaining reasonable attorney fees total $33,302.50. Because Plaintiffs seek an attorney fee award less than this amount, Plaintiffs are awarded the full amount of their requested fees: $27,133.75. Plaintiffs have also demonstrated the requested costs of $3,750 are reasonable. Accordingly, the motion is granted and Plaintiffs are awarded their requested attorney fees and costs.

## BACKGROUND

Plaintiffs John Lytle, Jason Williams, Cheryl Loveall, and Just Breathe, LLC brought this action against Mr. Hall, CTG, Mr. Wootten, and De-Sadel on September 4, 2019. (Compl., Doc. No. 2.) Plaintiffs asserted claims for breach of contract, breach of fiduciary duty, fraud, unfair and deceptive trade practices, unjust enrichment, and civil racketeering under RICO against all defendants. (*Id.* at ¶¶ 68–126.) Plaintiffs served the defendants in South Africa and subsequently moved for entries of default against all defendants. (*See* Doc. Nos. 16–21, 23.) Certificates of default were entered against Mr. Wootten and De-Sadel in April and May of 2020. (Doc. Nos. 25, 27.)

In April 2020, Mr. Hall appeared pro se, purporting to represent both himself and CTG. (Doc. No. 22.) During the ensuing months, Mr. Hall filed several successive motions to dismiss Plaintiffs' claims against himself and CTG, along with numerous other motions. (*See, e.g.*, Doc. Nos. 29, 48, 56, 67, 70, 72, 74–76.) Eventually, a certificate of default was entered against CTG on January 13, 2021, as this entity had not answered or otherwise appeared through counsel. (*See* Doc. No. 95.) Plaintiffs continued litigating the case against Mr. Hall, conducting discovery and moving for summary judgment. (*See* Doc. No. 122.) While the motion for summary judgment was pending, Plaintiffs and Mr. Hall reached a settlement, and Plaintiffs' claims

against Mr. Hall and Mr. Hall's counterclaims were dismissed by stipulation in March 2022. (*See* Doc. No. 131.)

Plaintiffs initially moved for default judgment against the three defaulted defendants in July 2021. (Doc. No. 115.) This motion was denied without prejudice as the claims against Mr. Hall were still pending. (Doc. No. 125.) After the claims involving Mr. Hall were dismissed, Plaintiffs filed a second motion for default judgment against the defaulted defendants. (Doc. No. 132.) The court granted this motion, finding the defendants jointly and severally liable for damages under the RICO claims and certain contract claims. (Order 7, Doc. No. 140.) The court also found all Plaintiffs are entitled to costs and reasonable attorney's fees under RICO. (*Id.* at 8.)

Plaintiffs then filed the instant motion for attorney fees and costs, attaching billing invoices which included work performed in litigating the settled claims against Mr. Hall. (*See* Mot., Doc. No. 141; Ex. A to Mot., Billing Invoices, Doc. No. 141-2.) The court entered an order for supplemental briefing, noting Plaintiffs' motion did not explain why they were entitled to an award of fees and costs related to the settled claims involving Mr. Hall. (Docket Text Order, Doc. No. 143.) The court ordered Plaintiffs to file "revised documentation of fees and costs, removing any fees and costs solely related to the claims involving Mr. Hall, by September 9, 2022." (*Id.*) The order also stated: "If Plaintiffs seek to include fees and costs related to the claims involving Mr. Hall in the award, Plaintiffs may file a supplemental brief supporting this request by the same date." (*Id.*) Plaintiffs did not file any revised documentation or supplemental briefing by that deadline or at any time thereafter.

## LEGAL STANDARDS

When determining whether a requested fee award is reasonable, "a court must begin by calculating the so-called 'lodestar amount.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *see also Watchous Enters., LLC v. Pac. Nat'l Capital*, No. 16-1432, 2022 U.S. Dist. LEXIS 43853, at *21 (D. Kan. Mar. 11, 2022) (unpublished) (applying the lodestar method to a motion for attorney fees in a RICO case). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson*, 160 F.3d at 1281. "The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once an applicant satisfies this burden, the court presumes the lodestar amount is a reasonable fee. *Robinson*, 160 F.3d at 1281; *Watchous Enters.*, 2022 U.S. Dist. LEXIS 43853, at *22. However, the court may "adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012); *see also Watchous Enters.*, 2022 U.S. Dist. LEXIS 43853, at *22.

## ANALYSIS

Plaintiffs' motion seeks $27,133.75 in attorney fees and $3,750 in costs, stating these are the amounts Plaintiffs incurred in litigating this matter. (Mot. 2, Doc. No. 141.) Plaintiffs have been represented by one attorney, Mark Shurtleff, for the duration of this case. Mr. Shurtleff filed a declaration and billing invoices in support of the motion. (Shurtleff Decl., Doc. No. 141-1; Ex. A. to Mot., Billing Invoices, Doc. No. 141-2.) In his declaration, Mr. Shurtleff states he charged a discounted hourly rate of $350. (Shurtleff Decl. ¶ 6, Doc. No. 141-1.) Mr. Shurtleff

4

also states he "totaled the billing and concluded that [he] billed Plaintiffs $27,133.75 for 77.52 hours of work appearing in the attached invoices." (*Id.*)

As an initial matter, Mr. Shurtleff's $350 hourly rate is reasonable. "The reasonable hourly rate is the 'prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Carlile v. Reliance Standard Life Ins. Co.*, No. 2:17-cv-01049, 2019 U.S. Dist. LEXIS 228481, at *1–2 (D. Utah Dec. 31, 2019) (unpublished) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). When determining whether an hourly rate is reasonable, the court may consider various evidence, including affidavits of counsel, nonparty attorney affidavits, and the court's own knowledge. *Id.* at *2.

In his declaration, Mr. Shurtleff states his "professional experience includes four years as a JAG Officer in the United States Navy, nineteen years in the public sector including fourteen years as a county and state elected official, and fourteen years in private practice as a civil and criminal litigator." (Shurtleff Decl. ¶ 3, Doc. No. 141-1.) An hourly rate of $350 reasonably reflects the prevailing rate in the community for attorneys with this level of experience.

However, the hours documented in the billing invoices do not match the number of hours provided by Mr. Shurtleff in his declaration. Instead, the invoices show 134.75 hours of work billed at $350/hour and one hour of work billed at $250/hour, for a total of $47,412.50.[1] (*See*

---

[1] Exhibit A contains nine invoices:
  1) Invoice dated 8/27/2020, showing charges of $19,705.00 (56.3 hours at $350/hour)
  2) Invoice dated 10/12/2020, showing charges of $3,482.50 (9.95 hours at $350/hour)
  3) Invoice dated 11/19/2020, showing charges of $4,462.50 (12.75 hours at $350/hour)
  4) Invoice dated 1/28/2021, showing charges of $2,590.00 (7.4 hours at $350/hour)
  5) Invoice dated 5/4/2021, showing charges of $2,712.50 (7.75 hours at $350/hour)
  6) Invoice dated 7/11/2021, showing charges of $4,287.50 (12.25 hours at $350/hour)
  7) Invoice dated 9/14/2021, showing charges of $2,187.50 (6.25 hours at $350/hour)

Ex. A, Billing Invoices, Doc. No. 141-2.) There are no annotations identifying which of these hours correspond to the 77.52 hours stated in Mr. Shurtleff's declaration. Thus, it is unclear where the 77.52 figure comes from.

Further, the invoices include work performed solely in connection with litigation against Mr. Hall, after the other three defendants defaulted. But Plaintiffs settled with Mr. Hall, and the claims involving him were dismissed by stipulation. Plaintiffs have not explained why they should be awarded attorney fees incurred in litigation solely against Mr. Hall as part of a default judgment against the other three defendants. Indeed, the court invited Plaintiffs to provide supplemental briefing explaining the basis for this request, but Plaintiffs did not do so. Accordingly, the court finds Plaintiffs are not entitled to attorney fees related to litigation solely against Mr. Hall. *Cf. United Phosphorus*, 205 F.3d at 1234 (affirming reduction of hours for work performed on unsuccessful claims).

The invoices include 81.4 hours billed before CTG defaulted on January 13, 2021. (*See* Ex. A, Billing Invoices (entries dated 06/27/2018 to 01/12/2021), Doc. No. 141-2 at 1–11.) The work performed during this period included preparing and filing the case, serving the defendants, moving for defendants' default, and litigating against motions filed by Mr. Hall purportedly on behalf of himself and CTG. (*See id.*) Based on the descriptions in the invoices, the hours expended were reasonable and related, at least in part, to claims against the defaulted defendants.

The invoices include 54.35 hours billed after CTG's default. (*See id.* (entries dated 01/25/2021 to 05/24/2022), Doc. No. 141-2 at 11–22.) At that point, the only remaining

---

8) Invoice dated 12/14/2021, showing charges of $4,537.50 (12.25 hours at $350/hour and 1 hour at $250/hour)
9) Invoice dated 5/31/2022, showing charges of $3,447.50 (9.85 hours at $350/hour)

Some invoices indicate the amount charged had already been partially or fully paid.

defendant not in default was Mr. Hall. The invoices show Mr. Shurtleff spent 13.75 of these hours on motions for default judgment against the defaulted defendants, including appearing at a hearing on the second motion.[2] (*See id.* (entries dated 07/5/2021, 07/8/2021, 07/11/2021, 07/26/2021, 07/30/2021, 09/13/2021, 01/21/2022, 03/10/2022, 03/23/2022, 03/24/2022, 05/24/2022), Doc. No. 141-2 at 15, 17, 21–22.) Based on the descriptions in the invoices, these hours were reasonable and related to the claims against the defaulted defendants.

However, the billing entries for the remaining 40.6 hours either relate to litigation solely against Mr. Hall or lack any description of the work performed.[3] (*See id.*) As discussed above, Plaintiffs have not offered any basis to award fees related solely to the settled claims against Mr. Hall. And Plaintiffs may not recover attorney fees for entries lacking adequate description of the work performed. *See United Phosphorus*, 205 F.3d at 1233–34 (finding the number of hours may be reduced when the time records provided to the court are inadequate). Therefore, Plaintiffs are not entitled to an award of attorney fees for these 40.6 hours.

In sum, the reasonable hours expended on work related to claims against the defaulted defendants total 95.15 (81.4 hours for work performed before CTG's default and 13.75 hours for work related to the motions for default judgment). Multiplied by Mr. Shurtleff's $350 hourly

---

[2] The billing entry for appearance at the default judgment hearing is dated March 23, 2022. (*See* Ex. A, Billing Invoice (entry dated 03/23/2022).) No hearing was held in this case on that date, but the docket shows Mr. Shurtleff appeared at a hearing on May 25, 2022, on Plaintiffs' second motion for default judgment. (Minute Entry (05/25/2022), Doc. No. 139.) There is no corresponding billing entry with that date. Accordingly, it is apparent the March 23, 2022 billing entry is misdated and refers to the May 25, 2022 hearing.

[3] Specifically, there is one undated billing entry for one hour charged at $250/hour, which lacks any description of the work performed. (*See* Ex. A, Billing Invoice (issued 12/14/2021), Doc. No. 141-2 at 19.) The remaining 39.6 hours are charged at $350/hour and relate to litigation against Mr. Hall.

rate, Plaintiffs' reasonable attorney fees total $33,302.50. Because the amount Plaintiffs seek is less than this amount, Plaintiffs are entitled to the full amount of their request: $27,133.75.

Plaintiffs also provided documentation of $3,750.00 in costs, comprised of a $400 filing fee and $3,350 incurred to serve the defendants in South Africa. (Shurtleff Decl. ¶ 7, Doc. No. 141-1; Ex. B to Mot., Doc. No. 141-3.) These costs are reasonable and related to the claims against the defaulted defendants. Accordingly, Plaintiffs are entitled to an award of these costs.

## CONCLUSION

Plaintiffs' motion for attorney fees and costs, (Doc. No. 141), is GRANTED. Plaintiffs are awarded attorney fees of $27,133.75 and costs of $3,750.00 against the defaulted defendants.

DATED this 27th day of September, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge